THOMAS R. McMULLIN, d. b. a., vs. WILLARD S. BECK, p. b. r.

LIMITATION OF ACTIONS—"COMMENCEMENT OF ACTION"—FILING OF PRÆCIPE—JUSTICE COURT.

The commencement of an action in a justice court, that will arrest the running of limitations, is not the order for summons or attachment, the two kinds of process provided for in such court, but the issuance thereof, so that filing a præcipe before the justice, commanding the issuance of summons or attachment, is not a "commencement of action" with such effect.

(June 2, 1911.)

Judges BOYCE and WOOLLEY sitting.

*Charles M. Evans* and *T. Bayard Heisel* for appellant.

*Caleb E. Burchenal* for respondent.

Superior Court, New Castle County, May Term, 1911.

APPEAL (No. 64, September Term, 1910) from a judgment of a justice of the peace.

The plaintiff brought his action before the justice against the defendant for one hundred and seventy-three dollars and twenty-two cents, balance alleged to be due on a contract or agreement entered into with the defendant for cutting and sawing lumber, railroad ties, fence posts, and cord wood.

Summons was issued by the Justice on June 2, 1910, but it was proved and not controverted that the plaintiff filed a *praecipe* with the justice directing that suit be brought on May 24, 1910. The cause of action was barred by the statute of limitations on May 27, 1910.

At the trial when the plaintiff rested, counsel for defendant stated that they desired to ask the court to instruct the jury to bring in a verdict for the defendant, and inquired whether if such an application were declined by the court, the defendant would then be allowed to put in his testimony.

BOYCE, J.:—If your application should be declined you would of course proceed with your case.

The defendant's counsel thereupon moved that the court instruct the jury to find for the defendant, because the summons was not issued until June 2, 1910, at which time the action was barred by the statute of limitations, and in the meantime there had been no promise of payment to raise the bar of the statute.

Counsel for plaintiff contended that the filing of the *praecipe* on May 24, 1910, which was three days before the statute of limitations began to run, was the commencement of the action and that therefore it was not barred by the statute.

BOYCE, J., delivering the opinion of the court:

We recognize that in this court the use of the *praecipe* prevails. The office and effect of the *praecipe* in this court is not before us, and we express no opinion in relation thereto.

The question now before us is whether a *praecipe* filed before a justice of the peace commanding that a summons or attachment issue is the commencement of an action such as will arrest the operation of the act of limitations.

The justice's court is a court of special and limited jurisdiction. It is without terms or rules and we know of no practice prevailing in a justice's court for the use of the *praecipe* in bringing an action.

The statute giving jurisdiction to justices of the peace in civil actions provides for two kinds of process; one is by summons and the other by attachment. Whether a person desiring to bring an action before a justice shall demand a summons or attachment orally or in writing, we think the action is not begun until the process is actually issued by the justice. It is not the order for the summons or attachment, but the issuance thereof, in a justice's court, that operates in arresting the act of limitations. In this case, the summons not having issued until the second day of June, 1910, more than three years from the time the cause of action accrued, to wit, twenty-fourth day of May, 1910, the act of limitations had run before the action was brought. And the act of limitations having been pleaded, the plaintiff is not entitled to recover in this action, and the request of the defendant for binding instructions in favor of the defendant should be granted.

Gentlemen of the jury, you are directed to return a verdict for the defendant.

Verdict for defendant.